[No. 6563.    Decided March 28, 1907.]

THE STATE OF WASHINGTON, on the Relation of John D. Atkinson, as Attorney General, Appellant, v. WORLD REAL ESTATE COMMERCIAL COMPANY et al., Respondents.[1]

ALIENS—RIGHT TO HOLD LAND—ESCHEAT—CONVEYANCE. The state cannot maintain an action to escheat lands, conveyed to and held by an alien in violation of the constitution, after the same have been conveyed by the alien to a citizen.

Appeal from a judgment of the superior court for King county, Yakey, J., entered June 14, 1906, upon sustaining a demurrer to the complaint, dismissing proceedings to declare an escheat of real property held by an alien. Affirmed.

*The Attorney General*, and *J. B. Alexander* and *A. J. Falknor, Assistants,* for appellant.

*John E. Humphries* and *Geo. B. Cole,* for respondents.

[1]Reported in 89 Pac. 471.

CROW, J.—This action, a proceeding in the nature of office found, was instituted by the state of Washington on relation of John D. Atkinson, its attorney general, to escheat certain real estate in King county. The essential facts, as alleged in the complaint, are that on March 24, 1900, the defendant Arthur Hamilton, being the owner of the real estate in question, by deed conveyed the same to the defendant Y. Ota, an alien of the Mongolian race, born of Japanese parents in the empire of Japan; and that Y. Ota retained the record title until May 17, 1905, when he and his wife Kane Ota, also an alien, conveyed the property, for a valuable consideration, to the defendant World Real Estate Commercial Company, a domestic corporation the majority of whose stock was owned by citizens and residents of the state of Washington. The plaintiff contends that, under article 2, § 33, of the constitution of the state of Washington, an alien cannot acquire title to real estate by deed, save in the excepted cases therein mentioned; that he cannot by his deed convey a good title to his grantee, and that the state may, in a proceeding of this character, escheat the real estate at any time after its conveyance to the alien, even though the alien has conveyed to a citizen before proceedings for escheat are commenced. The defendants interposed a general demurrer to the complaint, which being sustained, the plaintiff refused to plead further. Thereupon a judgment was entered dismissing the action, and this appeal has been taken.

Since the appeal was taken herein we have, in the case of *Abrams v. State*, 45 Wash. 327, 88 Pac. 327, construed the section of our constitution upon which the appellant relies, and in effect held that the state must forfeit or escheat lands, conveyed to and held by an alien in violation thereof, prior to any alienation of such real estate by the alien to a citizen, for a good and valuable consideration. Passing upon the question herein involved, we said:

"Being an alien, it follows that she had no right to acquire title to real estate in this state by purchase, and the deed

executed to her by the appellant Abrams was void in the
sense that a forfeiture of the property might have been de-
clared by the state at any time while it remained in her pos-
session and under her control, she claiming title under such
deed.   This court, however, in the case of *Oregon Mortgage
Company v. Carstens, supra* [16 Wash. 165, 47 Pac. 421,
35 L. R. A. 841] in substance held that an alien holding
lands in this state by purchase under a defeasible title, sub-
ject to attack on the part of the state, might by deed transfer
a good title to a third person entitled to receive and hold it,
provided no proceeding had theretofore been taken by the
state for the purpose of declaring a forfeiture or escheat.   In
other words, if Lou Graham [the alien], after receiving her
deed from the appellant Abrams, had, for a good and suffi-
cient consideration, conveyed the property to a third party
entitled to receive title, the state of Washington could not
thereafter, by office found, have forfeited such title as against
her grantee.   The state could, however, at any time prior to
such transfer, have successfully instituted proceedings to de-
clare a forfeiture and escheat."

The trial court committed no error in sustaining the de-
murrer.   The judgment is affirmed.

HADLEY, C. J., FULLERTON, MOUNT, and ROOT, JJ., con-
cur.