[No. 7646. Decided November 14, 1908.]

CORA P. STEWART, *Appellant*, v. EMMA MARIA KLEINSCHMIDT, *Respondent*, THOMAS N. MORRIS *et al.*, *Defendants*.[1]

HUSBAND AND WIFE—COMMUNITY PROPERTY—WHAT LAW GOVERNS —DOMICILE. The status of property acquired by a husband and wife while residing in this state, is not governed by the laws of Ohio by reason of the fact that they made an agreement respecting the property while temporarily in Ohio on a visit, with a continuous intention of returning to their home in this state.

SAME—COMMUNITY DEBT. A judgment founded on a transaction relating to dealings in the stock of a corporation and to a contract for assisting in the management of its affairs in the interest of the community is a community debt.

SAME—SEPARATE DEED FROM HUSBAND—PROPERTY OF WIFE. Under Bal. Code, § 4539, upon a deed of community realty from a husband to the wife, the same becomes her separate property, and is not liable for a community debt subsequently contracted by the husband.

[1]Reported in 97 Pac. 1105.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered April 16, 1908, upon findings in favor of the defendants, dismissing an action to quiet title, after a trial on the merits.   Modified.

*John C. Stallcup*, for appellant.

*T. W. Hammond, Geo. B. Cole,* and *John E. Humphries,* for respondent.

HADLEY, C. J.—This is an action to remove from certain real estate in Pierce county the cloud of a judgment and an execution sale thereunder.   The plaintiff is the wife of the defendant J. Edie Stewart, and she alleges that she is now, and for seven years has been, the owner in fee of certain described realty in Tacoma, the ownership being in her own separate right, and the property being her separate property. She alleges that the defendant Kleinschmidt obtained a judgment against plaintiff's husband on January 17, 1907, the judgment having been rendered by the superior court of King county for more than $26,000, and that a transcript thereof was filed in the office of the county auditor of Pierce county; that an execution was issued in the latter county and delivered to defendant Morris, as sheriff of that county, who levied upon the plaintiff's real estate and sold it to satisfy the judgment, the defendant Kleinschmidt being the purchaser at the sale.   The complaint charges that the judgment is void, and a decree is also sought declaring the property to be the separate property of the plaintiff, and that it is discharged from any lien or claim arising from the judgment. The defendant Stewart answered, disclaiming any interest in the land, and the defendant Kleinschmidt answered denying that the land is plaintiff's separate property and alleging that it is the community property of plaintiff and the defendant Stewart, and also that the debt upon which the judgment was based was the community debt of the same persons.   The cause was tried by the court without a jury, and resulted in

a judgment dismissing the action, from which the plaintiff has appealed.

Appellant contends that the court erred in not regarding the statutes of Ohio, it being claimed that the appellant and her husband were citizens and residents of that state when they made certain agreements with reference to the land. We think the evidence does not so show. The two lived together in Tacoma when the lands were acquired, and were afterwards in Ohio during a mere temporary period, with the continuous intention of returning to their home in Tacoma. The actual domicile of the parties was therefore in the state of Washington all the time. Under appellant's own testimony, we think it cannot be said that she can avail herself of the laws of Ohio for the determination of her rights as wife in the realty in question, but those rights must be determined by the laws of this state.

It is next urged that it was error to hold that the real estate was community property and, as such, liable to satisfy the judgment against the husband. The transaction upon which the judgment was founded was undoubtedly in the interest of the community, since it related to dealings in the stock of a corporation and to a contract for assistance in the management of its affairs. There was, therefore, no error in holding that the debt was a community debt, and if the property was community property it became liable for the judgment. We think the finding that the land was community property is supported by the evidence except as to the following, to wit: Lots 15, 16, 17, and the north five feet of lot 18, in block 9, of Home Addition to Tacoma. The husband deeded his interest in the above property to the wife before the creation of the debt upon which the judgment is based. Under our statute, Bal. Code, § 4539 (P. C. § 3886), the lots then became the separate property of the wife, the appellant here, and they were not liable for the satisfaction of this judgment.

It is insisted that the contract which gave rise to the judgment was entered into by another for the appellant's husband, and that such other person was not authorized to make the contract. We think that full authority appears from the evidence, and that no good reason is shown why the judgment shall not be given full force.

We therefore think the judgment should be affirmed, except in so far as it relates to the lots described as being in the Home Addition. The cause is remanded with instructions to modify the judgment in that particular only, and to enter judgment in appellant's favor fully discharging those lots from liability under the former judgment and execution. The appellant is entitled to recover her costs on this appeal.

RUDKIN, MOUNT, CROW, and DUNBAR, JJ., concur.

FULLERTON and ROOT, JJ., took no part.