[No. 12469. Department One. August 13, 1915.]

## J. R. SPONOGLE, *Administrator, Appellant*, v. EMMA SPONOGLE, *Respondent*.[1]

GIFTS—DELIVERY—DEED AND BILL OF SALE. Where a deed and bill of sale from a husband to his wife was delivered to her as a gift at the time of execution, there is a sufficient delivery to support the gift without manual delivery of the property.

HUSBAND AND WIFE—COMMUNITY PROPERTY—GIFT TO WIFE. By Rem. & Bal. Code, § 8766, a conveyance of community property from husband to wife makes it her separate property.

EXECUTORS AND ADMINISTRATORS—PROPERTY SUBJECT TO ADMINISTRATION—APPLICATION TO DEBTS. Where a widow, believing in good faith that all of the estate had been given to her, used her own money, together with community funds on deposit in a bank constituting the entire community estate, to pay the debts of the estate and funeral expenses, which exceeded the amount of the deposit, the deposit is not subject to administration at the suit of an heir, all debts having been paid; since it was applied as the law requires it to be applied.

Appeal from a judgment of the superior court for Kitsap county, French, J., entered March 5, 1914, upon findings in

[1]Reported in 151 Pac. 43.

favor of the defendant, in an action by an administrator to recover property as assets of an estate. Affirmed.

*W. A. McLeod* and *McCafferty, Robinson & Godfrey,* for appellant.

*C. D. Sutton* and *Hastings & Stedman,* for respondent.

PARKER, J.—The plaintiff, suing as administrator of his father's estate, seeks to recover from the defendant, his stepmother, certain property claimed by him as belonging to the estate of his father, which property she claims as her own. Findings and judgment were rendered in favor of the defendant, from which the plaintiff has appealed.

A day or two before the death of J. D. Sponogle, he conveyed by deed and bill of sale, duly executed and delivered, all of his real and personal property to his wife, this respondent, except possibly the sum of $663.77 then on deposit in the Dexter Horton Bank of Seattle. He had theretofore stated, in the presence of several witnesses, his intention to give all of his property to his wife, since he had provided for his children. He was then about sixty-three years old. All of the property in which he then had any interest was the community property of himself and respondent. It is plain from the evidence that he then also intended to convey to his wife the money on deposit in the Dexter Horton Bank, though such conveyance probably failed and became legally ineffective because of want of sufficient description of the bank deposit. We shall, in any event, so assume for present purposes. This deposit was subject to check by either him or his wife. At the time of his death, the community was indebted in approximately the sum of $1,000 for goods purchased in the operation of a drug store owned by the community situated at Port Orchard, in Kitsap county. Soon after his death, respondent, manifestly acting in good faith under the belief that the conveyance executed by her husband had resulted in her becoming the separate owner of the bank

deposit as well as all the other property, paid, with this and money of her own, all of the indebtedness of the community, including the funeral expenses of the deceased. Nearly all of this indebtedness was paid before appellant was appointed administrator, which appointment she had no knowledge of until thereafter.

Some contention is made that the conveyances executed by the deceased were ineffectual because of his mental condition at that time. We deem it sufficient to say that we regard the evidence as overwhelming in support of these conveyances, in so far as it touches the mental capacity of the deceased to execute them.

These conveyances were in effect gifts by the deceased to respondent, his wife. Some contention seems to be made on appellant's behalf that they failed for want of manual delivery of the property conveyed. The deed and bill of sale were actually delivered to respondent by deceased at the time of their execution. This clearly was a sufficient delivery to support the gift without manual delivery of the property. 20 Cyc. 1197.

Some contention seems to be made by counsel for appellant that the property is all still community property and therefore subject to administration. It is plain, however, that conveyance of community property by a husband to his wife makes it thereafter her separate property under our laws. Rem. & Bal. Code, § 8766 (P. C. 95 § 47); *Hayden v. Zerbst,* 49 Wash. 103, 94 Pac. 909; *Stewart v. Kleinschmidt,* 51 Wash. 90, 97 Pac. 1105; *Christopher v. Ferris,* 55 Wash. 534, 104 Pac. 818.

It is insisted that, in any event, the money on deposit in the Dexter Horton Bank at the time of the husband's death had not, by the bill of sale, become her separate property, and that therefore it was subject to administration as community property. Under ordinary circumstances, this contention might be considered well founded, but we are of the

opinion that, in the light of the facts before us, respondent should not now be required to account for that money to the administrator. We have seen that she was acting in the best of faith, believing that she was paying the debts of the community with her own money; that appellant procured his appointment as administrator without her knowledge and not until she had so paid nearly all of the indebtedness of the community; that the debts of the community, together with the funeral expenses of the deceased paid by respondent, largely exceeded the amount on deposit which she appropriated as her own and so used. It is also to be noted in this connection that it clearly appears from the record before us that, at the time of the trial of this cause in the superior court, there were no debts whatever of the deceased or of the community unpaid. Indeed, appellant in his own testimony admits this fact. Manifestly this money was applied as the law required, in any event.

We conclude that, in the light of all the facts, the learned trial court properly disposed of the case. The judgment is affirmed.

MORRIS, C. J., MOUNT, CHADWICK, and HOLCOMB, JJ., concur.