[No. 18477.  Department One.  November 18, 1924.]

THE STATE OF WASHINGTON, *on the Relation of John H. Dunbar, Attorney General, Respondent,* v. K. SHOKUTA, *Appellant.*[1]

ALIENS (4)—TITLE TO REAL ESTATE—ESCHEAT—RIGHTS OF STATE. The state has no right to escheat real estate conveyed to an alien, the title to which was not in the alien at the time the suit was brought, having been transferred to a native.

DEEDS (54)—EXECUTION AND DELIVERY—PRESUMPTIONS. There being a legal presumption that a deed was executed and delivered on the date of its execution, an unrecorded deed from aliens, executed prior to an action to escheat the lands, conveys title to their grantee, especially where there was evidence that the grantee then took possession of the deed.

SAME (36)—ALIENS (4)—AFTER ACQUIRED TITLE. The after acquired title of aliens inures to the benefit of their grantee, taking a deed prior to action to escheat of the lands.

LIS PENDENS (7)—ALIENS (4)—EFFECT OF FILING—TITLE TO REAL PROPERTY—ESCHEAT. Under Rem. Comp. Stat., § 243, making the filing of a *lis pendens* constructive notice to every person whose conveyance is subsequently executed or subsequently recorded, a *lis pendens* does not cut off a paramount title, or give the state any title, when filed in an action to escheat alien lands, conveyed by them to natives prior to the action.

Appeal from a judgment of the superior court for Franklin county, Truax, J., entered March 21, 1923, upon findings in favor of the plaintiff, in an action to declare an escheat of real property, tried to the court. Reversed.

*Guie & Halverstadt,* for appellant.

*The Attorney General* and *E. W. Anderson, Assistant,* for respondent.

MAIN, C. J.—This action was brought for the purpose of escheating to the state the west 25 feet of lot

[1] Reported in 230 Pac. 166.

10 and the south 25 feet of lot 11, in block 3, Northern Pacific Railway Company's plat of Pasco, in Franklin county. It was tried to the court without a jury, and resulted in findings of fact, conclusions of law and a judgment escheating both tracts of land. From this judgment, the defendant appeals. There is here no controversy over the west 25 feet of lot 10, as it appears to be conceded that the judgment as to that was right. The question upon appeal is whether the judgment of the trial court escheating the south 25 feet of lot 11 should be sustained, and all further reference will be to that property.

The facts may be summarized as follows: On July 13, 1910, Edward Horrigan, being the owner of the land in question, contracted to sell it to K. Shokuta and M. Kanasashi. This was the ordinary real estate contract and provided for a payment down and the balance in monthly installments. Neither Shokuta nor Kanasashi were citizens of the United States or entitled to become such. They were subjects of the Emperor of Japan and born of Japanese parents. On January 28, 1913, Shokuta and Kanasashi conveyed the property to the Buddhist Mission Society, a corporation, and it is admitted that this corporation is entitled to own real estate in this state. On February 26, 1913, Horrigan executed and acknowledged a deed with the name of the grantee blank. On the 18th of March, 1921, the Buddhist Mission Society, by deed duly executed and acknowledged, conveyed the property to George F. Russell. None of the deeds mentioned here was at any time filed for record. On or about April 22, 1921, the *Attorney General* brought this action, seeking to escheat the property to the state, and caused a notice of *lis pendens* to be filed. The question, then, is whether the state has a right to escheat the property.

It has been held in a number of cases by this court that if ownership is not in the alien at the time of the commencement of the action, no right to escheat exists. *Oregon Mortgage Co. v. Carstens,* 16 Wash. 165, 47 Pac. 421, 35 L. R. A. 841; *Abrams v. State,* 45 Wash. 327, 88 Pac. 327, 122 Am. St. 914, 13 Ann. Cas. 527, 9 L. R. A. (N. S.) 186; *State ex 'rel. Atkinson v. World Real Estate Comm. Co.,* 46 Wash. 104, 89 Pac. 471; *Prentice v. How,* 84 Wash. 136, 146 Pac. 388. In the case last cited upon this question it was said:

"The only person who could question Wong How's claim or title while he held either a ninety-nine-year lease or a certificate of sale, was the state of Washington, it having authority to institute proceedings for a forfeiture. *Abrams v. State,* 45 Wash. 327, 88 Pac. 327, 122 Am. St. 914. No such proceedings were commenced by the state, and after Wong How conveyed to respondent, a native of the United States, the state of Washington itself could not maintain such an action against respondent."

Starting, then, with the proposition that title must be in persons against whom the action is brought when the state seeks to escheat property, inquiry must be directed as to who held the title to the portion of the land in question at the time the present action was instituted. As stated, the deeds were not placed of record and there is no evidence as to when they were delivered, but there is a legal presumption that a deed is executed and delivered on the date of its execution and acknowledgment. In *State v. Dana,* 59 Wash. 30, 109 Pac. 191, it was said:

"The deed from Hostland to the appellant was presumptively executed and delivered on the date of its execution and acknowledgment (Devlin on Deeds [2d ed.], §§ 178, 182, 265), and if so, no title passed by the deed to the prosecuting witness."

In the present case, the deed from Shokuta and Kanasashi was executed and acknowledged, as above stated, on the 28th day of January, 1913, and therefore was presumptively delivered on that day. In addition to this, there is evidence that the deed was in possession of the Buddhist Mission Society and that that corporation had paid a consideration for it. It is said, however, that this conveyance was made by the two Japanese prior to the time that the Horrigan deed, with the grantee blank, was executed. This can make no difference, because it has been distinctly held by this court that an after-acquired title inures to the benefit of the grantee. *West Seattle Land & Imp. Co. v. Novelty Mill Co.*, 31 Wash. 435, 72 Pac. 69; *Gough v. Center*, 57 Wash. 276, 106 Pac. 774; *Pioneer Sand & Gravel Co. v. Seattle Construction & Dry Dock Co.*, 102 Wash. 608, 173 Pac. 508.

In what has just been said it has been assumed, but not decided, that the deed executed in blank would carry the title in fulfillment of the contract of sale which had been made. If that deed did not convey any title, then, of course, the state would have no right of forfeiture as against Horrigan. This case must be considered upon the theory that the deed from Shokuta and Kanasashi was delivered on the date of its execution, and that the Buddhist Mission Society at that time acquired whatever title or right, if any, the two Japanese had in the property.

The *Attorney General*, in his brief, states that the principal question in this case is as to the effect of the filing of notice of *lis pendens*, and consideration will now be given to that question.

The *lis pendens* statute (§ 243, Rem. Comp. Stat.) [P. C. § 8452], provides:

"In an action affecting the title to real property the plaintiff, at the time of filing the complaint  .  . . may file with the auditor of each county in which the property is situated a notice of the pendency of the action, containing the names of the parties, the object of the action, and a description of the real property in that county affected thereby. From the time of the filing only shall the pendency of the action be constructive notice to a purchaser or encumbrancer of the property affected thereby, and every person whose conveyance or encumbrance is subsequently executed or subsequently recorded shall be deemed a subsequent purchaser or encumbrancer, and shall be bound by all proceedings taken after the filing of such notice to the same extent as if he were a party to the action  .  .  .  "

By this statute, it will be observed, the filing of the notice of *lis pendens* is constructive notice to every person "whose conveyance or encumbrance is subsequently executed or subsequently recorded." The state does not hold or claim under a subsequent conveyance or encumbrance. Its right to escheat depends solely upon whether the title to the property was in the alien when the action was brought and the *lis pendens* filed. The *lis pendens* statute is only a law of procedure and does not cut off the paramount title. In *Merrick v. Pattison*, 85 Wash. 240, 147 Pac. 1137, the effect of the statute is fully discussed and it is there said:

"This, we think, is only a law of procedure, enacted with a view of making a decree of the nature here sought, if ultimately rendered in favor of the plaintiff, effective, not only against the original defendant in the action, but also effective against one who purchases the property or whose conveyance evidencing such purchase is recorded after the filing of the notice of pendency of the action, *'to the same extent as if he were a party to the action.'* In other words, the statute, and a notice of *lis pendens* filed in pursuance thereof,

has the effect of constructively making the one claiming under such subsequently executed or recorded conveyance a party to the action.''

In *Ellis v. McCoy,* 99 Wash. 457, 169 Pac. 973, it was said:

''     .     .     .     it must be declared that no paramount title can be cut off by a procedure under the statute of notice.''

The state did not hold under a subsequent conveyance or incumbrance and title is not created by the filing of the notice. The trial court found that the deed in question was not delivered until after the bringing of this action and the filing and recording of a notice of *lis pendens,* and that the two Japanese owned the property at the time the action was brought and the notice filed. This finding, however, does not give effect to the legal presumption that the deed was delivered on the day it was executed and acknowledged. As stated, there is no evidence as to the time of the delivery of the deed, and there is no evidence as to who was in the possession of the property at any time.

The judgment as to the west 25 feet of lot 10 will be affirmed. The judgment as to the south 25 feet of lot 11 will be reversed with direction that as to that tract the action be dismissed.

HOLCOMB, TOLMAN, PARKER, and MACKINTOSH, JJ., concur.