[No. 22350.   Department One. · August 28, 1930.]

N. O. TALLYN, *Respondent*, v. H. D. COWDEN *et al.,*
*Defendants,* J. B. KARSHNER *et al., Appellants.*[1]

*W. J. Murphy* and *T. H. McKay,* for appellants.
*Andrew J. Balliet,* for respondent.

[1]Reported in 290 Pac. 1005.

TOLMAN, J.—This is an action to foreclose a trust deed conveying certain real property as security for the payment of a promissory note therein described. From a decree of foreclosure, as prayed for, the defendants Karshner have appealed.

It appears without dispute that appellant Karshner, in January, 1926, began an action in the superior court for Snohomish county against the defendants Cowden upon an indebtedness aggregating some six thousand dollars, and in that action sought and obtained a writ of attachment which was levied upon certain real property in that county then standing of record in the name of the defendants Cowden; notice of *lis pendens* being duly filed.

The Cowdens were non-residents of the state and the service of summons by publication was duly commenced. Thereafter, the Cowdens appeared in the action and caused it to be removed to the proper Federal district court. Such proceedings were there had as resulted in a judgment against the Cowdens and in favor of Karshner, and execution was issued on the judgment and the attached real property was duly sold by the United States marshal thereunder. Karshner became the purchaser of the property at the execution sale. The sale was confirmed, and in due time a marshal's deed covering the property was issued to Karshner.

After the beginning of the action and the filing of the notice of *lis pendens,* and on March 9, 1926, there was filed for record in Snohomish county the trust deed here sued upon, which deed was duly executed and delivered by the Cowdens on September 10, 1923, long prior to the levying of the attachment, but of which, of course, appellants had no notice at any time prior to its being filed for record.

Some contention is made that this trust deed was not

based upon a valuable consideration and was in fraud of Cowden's creditors; but we may say in passing that the evidence seems to us to be conclusive in support of the findings of the trial court that it was based upon an actual loan of $2,500, advanced at the time the deed was executed and delivered.

This action was commenced in May, 1928, and the Karshners were made parties by reason of the marshal's deed to them. The complaint alleged that they claimed some interest in the premises, but that their right, title or interest, if any, was subject and junior to the lien of the trust deed.

A minor question raised is based upon the description of the property contained in the trust deed. The property lies in what appears to have been platted as "Pinehurst, Division 'C,' in Snohomish county," and is so described in the proceedings through which appellants claim title. The trust deed, however, omits the words "Division 'C' " and describes the property conveyed to secure the loan as being "All in Pinehurst, Snohomish county." There is no allegation or suggestion that the trust deed does not cover the property which appellants claim, so far as it is there included. In fact, the defenses offered are all wholly inconsistent with that idea. The decree of foreclosure follows the true description, and the court finds, as a fact, that the trust deed was a first lien upon the lots and blocks therein named in "Pinehurst, Division 'C'." We see no reason why, if the evidence warranted it (and there is no claim that it did not), all interested parties being before the court, an immaterial defect in description should not be so cured.

The principal argument here is devoted to the question of the effect of the filing of the notice of *lis pendens,* and the withholding from the record of the

trust deed until after the notice of *lis pendens* was filed.

Our statute, Rem. Comp. Stat., § 243, so far as now material, reads:

"From the time of the filing only shall the pendency of the action be constructive notice to a purchaser or incumbrancer of the property affected thereby, and every person whose conveyance or incumbrance is subsequently executed or subsequently recorded shall be deemed a subsequent purchaser or incumbrancer, and shall be bound by all proceedings taken after the filing of such notice to the same extent as if he were a party to the action."

Appellants contend that the language of the statute plainly makes the respondent a subsequent incumbrancer, because the trust deed was filed subsequently to the filing of the notice of *lis pendens,* and cites *Munger v. T. J. Beard & Bro.,* 79 Neb. 764, 113 N. W. 214, and *Ayrault v. Murphy,* 54 N. Y. 203, as sustaining that construction of the statute.

If that one particular clause of the statute be read alone without reference to the context, it would seem to be susceptible of such a construction as appellants contend for, but the cases cited, when fully and carefully analyzed, lend no support to appellants' position, nor do we find any case which construes any *lis pendens* statute as appellant would have us construe ours.

Let us see to what such a construction would lead. When appellants levied their attachment they levied upon all of the right, title and interest which the attachment debtors then had in the attached real property. They could do no more under our attachment statutes, because the writ did not authorize the attachment of property belonging to anyone not a party to the action. At the time the writ was levied, the Cowdens had title subject to the lien of the trust deed, which, though unrecorded, was good as between the

parties and as to all the world, except innocent purchasers and incumbrancers protected by the recording statute. The Cowdens could only regain full unincumbered title by paying the debt thus secured, and could only convey subject to the incumbrance, except that an innocent purchaser, to whom they so conveyed, would take more, not because the Cowdens could convey more, but because the incumbrancer would be estopped by his own omission to record.

An attaching or execution creditor cannot be in any better position than a grantee. He can take only what the debtor had, which in this case was an incumbered title. A creditor, buying it at his own judicial sale, is not an innocent purchaser, and, not being an innocent purchaser for value, there can be no estoppel in his favor. Our holdings are clear in that respect, and are all reviewed in the recently decided case of *Vandin v. Henry McCleary Timber Co.*, 157 Wash. 635, 289 Pac. 1016.

If what we have said so far is sound, then it follows that to put the construction upon the statute for which appellants contend would be to take from respondent his property, consisting of the lien of his trust deed upon the lands therein described, without due process of law, or any process whatever, and would render the statute seemingly unconstitutional. A construction of a statute which will render it unconstitutional is to be avoided if that be possible.

In *Ellis v. McCoy*, 99 Wash. 457, 169 Pac. 973, this court, speaking through Judge Fullerton, carefully reviewed our prior cases construing this statute, and reached the conclusion that, by those cases, we had held that the filing of a notice of *lis pendens* would not cut off a superior outstanding unrecorded title of which the plaintiff had notice, and that the filing of a *lis pendens* would not prevent the holder of a superior

unrecorded outstanding title from appearing and asserting his title in the pending action. In the *Ellis* case, however, the court held that neither of these rules could be applied, and, declining to say that a superior outstanding unrecorded title could never be cut off by a notice of *lis pendens,* decided the case upon the equities, permitting recovery by the one least at fault, and placing the loss upon the one who might most readily have prevented loss to either. The more recent case of *State ex rel. Dunbar v. Shokuta,* 131 Wash. 291, 230 Pac. 166, cites and quotes from the case of *Merrick v. Pattison,* 85 Wash. 240, 147 Pac. 1137, and squarely holds "The *lis pendens* statute is only a law of procedure and does not cut off the paramount title."

But here we have no question, as in the *Ellis* case, of conflicting titles, either of which prevailing would extinguish the other. We have in this case purely the question between a senior and a junior incumbrancer, both incumbrances having the same source; that is, being liens upon the Cowdens' title.

It is generally held that the junior incumbrancer, in foreclosing his lien, cannot try out questions of paramount title, and the holder of the junior lien in common practice does not even make the holder of the senior lien a party to his action. Here, the notice of *lis pendens* was not filed for the purpose of affecting the rights of a senior incumbrancer, but purely and solely under the statute for the purpose of binding junior incumbrancers.

Here, in the view of our doctrine that a judgment creditor, purchasing at his own execution sale is not an innocent purchaser, we have a senior lien by reason of the trust deed and a junior lien by reason of the attachment, both being liens on the title of the Cowdens, and neither by the notice of *lis pendens* nor by making him a party to the action could the holder of the junior

attachment lien bar the holder of the senior mortgage lien from his interest in the property.

We see nothing in the statute, when read as a whole, which indicates that such a senior lien as we have here been discussing may be thus cut off, and, moreover, as between such liens as are here contending, a statute which would permit the junior to foreclose and bar the senior without being made a party to the action, or being served with process, would, we think, be unconstitutional as taking property without due process of law.

The judgment is affirmed.

PARKER, BEALS, and MILLARD, JJ., concur.