[No. 24753. Department Two. October 19, 1933.]

ELLEANORE CHAUDOIN, *Appellant*, v. RALPH CLAYPOOL *et al., Respondents.*[1]

*F. A. Kern* and *B. F. Jacobs,* for appellant.
*J. W. Selden,* for respondents.

BLAKE, J.—Plaintiff brought this action to quiet title to certain property in Puyallup. From a decree quieting title in defendants, plaintiff appeals.

The salient facts are these: Prior to March 6, 1933, appellant was the wife of Singleton E. Chaudoin. Sometime prior to March 23, 1932, the Chaudoins ac-

[1]Reported in 25 P. (2d) 1036.

quired the property in question. On the latter date, appellant executed a deed to the property to her husband. This deed carried the express intent to vest title in him as his separate property.

February 3, 1933, appellant instituted a suit for divorce against Chaudoin in Kittitas county. In her complaint, appellant prayed that the property in question be set aside to her. The divorce case was tried the latter part of the same month, and taken under advisement by the trial judge. On March 6, 1933, the trial court entered findings and judgment favorable to appellant, in which he found the property belonged to the community and awarded it to appellant as her sole and separate property.

After the trial was had, but before judgment was entered (counsel for appellant in the divorce action having learned that Chaudoin was negotiating for the sale of the property), a *lis pendens* was filed in the office of the county auditor of Pierce county. This *lis pendens* bears the county auditor's filing stamp as of 10:32 a. m., February 25, 1933. At 11:16 a. m. of the same day, Claypool filed a deed to the property running to respondents as grantees. On that same day, counsel for Mrs. Chaudoin in the divorce action learned of the conveyance made by Chaudoin to respondents. He notified the attorney who had examined the title for respondents that a *lis pendens* in the divorce action had been filed ahead of the Claypool deed. The attorney in turn passed the word on to Claypool. The Claypools did not intervene in the divorce action, nor did appellant take any steps to make them parties thereto.

No question is raised as to the good faith of respondents in purchasing the property. They had the title examined under an abstract certified on February 21st. They paid $750 cash, and assumed a mortgage

of $1,100. The deed was executed by Chaudoin at Puyallup at about 10:00 a. m., of February 25th. Claypool went immediately to Tacoma and filed it for record.

The contention of appellant is simply this: That, by reason of the *lis pendens* having been filed for record prior to the deed, the respondents are bound by the decree of the superior court of Kittitas county awarding the property to appellant. A literal reading of the statute lends color to this contention. The pertinent portion of it reads as follows:

"From the time of the filing only shall the pendency of the action be constructive notice to a purchaser or encumbrancer of the property affected thereby, and every person whose conveyance or encumbrance is subsequently executed or subsequently recorded shall be deemed a subsequent purchaser or encumbrancer, and shall be bound by all proceedings taken after the filing of such notice to the same extent as if he were a party to the action." Rem. Rev. Stat., § 243.

However, the decisions of this court have rarely construed the statute literally. It is to be borne in mind at all times that the statute does not create any substantive rights. It is procedural only. *Merrick v. Pattison,* 85 Wash. 240, 147 Pac. 1137; *State ex rel. Dunbar v. Shokuta,* 131 Wash. 291, 230 Pac. 166. The statute has undergone intensive analysis in the cases of *Eldridge v. Stenger,* 19 Wash. 697, 54 Pac. 541; *Ellis v. McCoy,* 99 Wash. 457, 169 Pac. 973; and *Tallyn v. Cowden,* 158 Wash. 335, 290 Pac. 1005. In the case of *Ellis v. McCoy, supra,* after reviewing the prior decisions, the court said:

"It is at once apparent that these cases announce two distinct principles; first, that the commencement of an action for the recovery of, or for the foreclosure of, a lien upon real property and the filing of a notice of pendency of the action, even though prosecuted to

judgment, will not foreclose or bar the assertion of a superior outstanding unrecorded title of which the plaintiff in the action had notice; and second, that the commencement of such an action and the filing of the notice will not prevent the holder of a superior outstanding unrecorded title, of which the plaintiff in the action does not have notice, from appearing in the action and asserting such title.  .  .  .

"Between two innocent persons, one of whom must suffer a loss, no matter which view of the statute is taken, there should at least be a weighing of the equities, and that equity be allowed to prevail which favors the person least in fault. In the action before us, unquestionably the greater fault lies with the appellant."

Measured by these rules, we think respondents had a superior outstanding title at the time of the filing of the *lis pendens*. Appellant had parted with her interest in the property by her deed of March 23, 1932, conveying it to her husband. Not only was the intent expressed therein to vest title in him as separate property, but that also is the effect the law gave to the deed. *Smith v. Weed,* 75 Wash. 452, 134 Pac. 1070; *Sponogle v. Sponogle,* 86 Wash. 649, 151 Pac. 43. She had no vested interest in or lien upon the property when the *lis pendens* was filed. Her rights in the property were wholly contingent upon a favorable decision in the divorce action. She had no legal interest in the property until it was awarded to her by the decree entered on March 6th. Prior to that, she had knowledge of respondents' superior title.

Measuring the equities of the parties, we think the case falls within the first principle stated in the foregoing quotation from the case of *Ellis v. McCoy.* Knowing of respondents' outstanding title before judgment was entered in the divorce action, it was appellant's duty to bring respondents into that action. Under the peculiar facts of this case, she could not

stand by and then claim that the judgment cut off the superior title of respondents. To so hold would give the statute of *lis pendens* the effect of creating substantive rights, which is contrary to the holding of all our cases.

The judgment is affirmed.

BEALS, C. J., TOLMAN, HOLCOMB, and GERAGHTY, JJ., concur.