[No. 38715.    Department One.    April 6, 1967.]

A. R. SANDER et al., *Respondents*, v. JAMES R. WELLS et al., *Defendants*, H. L. DEGORE, *Appellant*.*

*Comfort, Dolack, Hansler & Billett* (*John F. Hansler*, of counsel), for appellant.

*Reported in 426 P.2d 481.

*Short, Cressman & Cable* (*John C. Hoover,* of counsel), for respondents.

STAFFORD, J.†—A. R. Sander and wife and J. E. DePhelps and wife (hereinafter referred to as the respondents) sued to foreclose a mortgage on real property owned by the marital community composed of James R. Wells and wife. Mr. and Mrs. Wells defaulted and appeared only as witnesses. However, H. L. DeGore (hereinafter referred to as the appellant) answered and cross-claimed to quiet her title to the same realty. Appellant's claim of title stems from a sheriff's deed which she acquired as a judgment creditor of the community.

Appellant's 24 assignments of error present several major issues. They will be reviewed generally according to the subject matter involved rather than individually.

■ Insofar as the challenged findings of fact are concerned, it is usually possible, as appellant seeks to do in this instance, to diminish or enhance the weight to be attached to various evidentiary facts and thereby obtain a result contrary to that reached by the trial court. However, with the exception of findings of fact No. 6 and No. 12, which will be discussed later in this opinion, they are amply sustained by the evidence. Even if we were of the opinion that the trial court should have resolved the factual dispute the other way, this court will not substitute its judgment for that of the trial court. *Hollingbery v. Dunn,* 68 Wn.2d 75, 411 P.2d 431 (1966); *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959).

The trial court viewed the evidence in the following manner: In late 1962 the Wells found themselves in financial difficulty. Both Mr. *and* Mrs. Wells desired to borrow $7,000 from the respondents. Although Mrs. Wells followed her usual practice of leaving all community business matters to her husband, she knew the amount to be borrowed, she knew that a note and mortgage would be needed to

†Judge Stafford is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

secure the indebtedness and she knew that her husband intended to execute the same.

The marital community owned certain realty known as the Midway property. It was the only unencumbered real property they possessed. Mrs. Wells knew that this property was to be used as security for the transaction.

The preparation of necessary papers caused the usual delay. During the interim Mrs. Wells became anxious and made several telephone calls to the respondents and others connected with the transaction in an apparent effort to expedite matters. On each occasion she inquired about the availability of the money. She was advised that it would be forthcoming as soon as the papers were completed.

Although the Midway property belonged to the community the mortgage was prepared for Mr. Wells' signature alone. On November 8, 1962, Mr. Wells signed the note and mortgage and received the $7,000 from respondents as consideration. Mrs. Wells was never asked to sign the instruments. The mortgage was recorded on November 9, 1962.

Mrs. Wells knew that her husband had received the money, that it had been borrowed for community purposes and that it actually had been applied to such purposes. Also, she knew that her husband had been required to sign the note and mortgage to obtain the money. It is logical to assume that she knew her own signature was not on the instruments.

Mrs. Wells admitted that she took no affirmative action to check into the business matter, yet, she agreed that she could have had access to the community records had she been interested. They were available in her husband's office adjacent to the home.

After the transaction was completed Mrs. Wells still made no objection. To the contrary, she and her husband took some candy to the respondents and thanked them for having made the loan.

Even if one could assume that the wife had been ignorant of all matters up to *this* point, it is evident that she learned of them shortly thereafter. As early as January 1963, she

clearly knew that the Midway property was involved. Furthermore, respondent Sander testified that he talked to her on several occasions about the subject of delinquencies and the due date. As he said, "She was quite cognizant of the note and mortgage." However, it should be noted, that when the Wells finally defaulted on the note in May of 1963, she continued to maintain her silence.

Appellant obtained a default judgment against the Wells in September of 1963. Thereafter, she purchased the Midway property at an execution sale in May of 1964. She received a sheriff's deed at the close of the redemption period in September of 1965.

Respondents initiated the instant action to foreclose the mortgage on the Midway property in January of 1965. There is no question that Mrs. Wells had full knowledge of all details after being served with the papers. However, she did not question her husband's execution of the note and mortgage at that time or even at the time of trial.

■ Appellant contends that despite the foregoing evidence, the mortgage on community real property was *void* because it lacked the wife's signature. In support thereof she cites RCW 26.16.040:

> The husband has the management and control of the community real property, but he shall not . . . encumber, the community real estate, *unless the wife join with him in executing the* . . . *instrument of conveyance* by which the real estate is . . . encumbered, and such . . . *instrument of conveyance must be acknowledged by him and his wife:* . . . . (Italics ours.)

However, the assignment of error is not well taken. Contracts which convey or encumber community realty and which lack the wife's signature are *voidable* not *void. Tombari v. Griepp,* 55 Wn.2d 771, 350 P.2d 452 (1960). See also *Stabbert v. Atlas Imperial Diesel Engine Co.,* 39 Wn.2d 789, 238 P.2d 1212 (1951); *Koth v. Kessler,* 59 Wash. 641, 110 Pac. 540 (1910). Thus, the mortgage here in question is merely *voidable* not *void.*

■ Unless rescinded or otherwise avoided, a voidable contract imposes upon the parties the same obligations as if it were not voidable. *Stabbert v. Atlas Imperial Diesel Engine Co., supra*; 1 Williston, Contracts § 15 (3d 1957); *Cf.* 1 Corbin Contracts § 6 (1963) *et seq.*

■ The evidence does more than establish the negative fact that a wife failed to avoid a voidable contract. Based upon the foregoing facts pertaining to her actual knowledge, the availability of additional knowledge had she been interested, her willingness to leave the matters to her husband as well as her own participation in and actual encouragement of the transaction during its formative stages, Mrs. Wells was estopped to avoid or deny the validity of the mortgage. The community was obligated thereunder. *Campbell v. Webber,* 29 Wn.2d 516, 188 P.2d 130 (1947); *O'Connor v. Jackson,* 33 Wash. 219, 74 Pac. 372 (1903).

■ Appellant asserts that the community's judgment creditor may exercise RCW 26.16.040 despite the wife's failure to claim its protection. However, there is no need to resolve the question at this time. A judgment creditor who purchases at her own execution sale takes only the interest of the judgment debtor. *Desimone v. Spence,* 51 Wn.2d 412, 318 P.2d 959 (1957); *Tallyn v. Cowden,* 158 Wash. 335, 290 Pac. 1005 (1930); *Vandin v. McCleary Timber Co.,* 157 Wash. 635, 289 Pac. 1016 (1930). In this case the interest acquired was an encumbered title inferior to that of the respondents.

Next, appellant contends that the trial court incorrectly interpreted the following receipt signed by the respondents:

Received from Jim Wells deed on 20655 Frager Road, Kent, Wash. in lieu of $3,000 for payment on note. Sale of property will determine proceeds to be applied towards interest and principal.

Appellant asserts that the instrument requires no interpretation because it is unambiguous. However, her brief attempts to interpret it by resorting to evidence obviously

rejected by the trial court. We think that the instrument is virtually meaningless without some interpretation.

There is substantial evidence to support the trial court's finding that the Frager Road property had a gross sale potential of $3,000 and that the parties agreed to apply the net proceeds thereof to reduce the principal amount of the mortgaged indebtedness. We will not substitute our judgment for that of the trial court. *Hollingbery v. Dunn, supra; Thorndike v. Hesperian Orchards, Inc., supra.*

The net proceeds of the sale were $416.30. The trial court correctly applied that amount to a reduction of the mortgaged indebtedness. It would have been incorrect to apply the entire $3,000 as suggested by appellant.

Appellant challenges the $2,000 attorney fee awarded in finding of fact No. 6. She admits that the fee is reasonable for the work involved but insists that it is unjust to expect her to pay it in full. She contends that the complex nature of the case and the resultant high fee were caused by the participation of laymen in the transaction. She avers that a less complicated situation would have resulted had lawyers been retained. This, she says, would have justified a lower fee.

This is a novel argument. However, we cannot assume that the case would have been less complicated had skilled practitioners been involved from the inception. Furthermore, many legal problems arise because laymen attempt to handle matters which demand special legal training. In such cases appellant's yardstick would engender both uncertainty and speculation in the setting of fees.

Canons of Professional Ethics 12, RCW vol. 0 provides a more reliable gauge. With that in mind and considering appellant's concession of basic reasonableness, we cannot find that the trial court abused its discretion.

Finally, error is assigned to finding No. 12 which provides that Wells and wife *"are and* were record owners of the property . . . ." (Italics ours.) Respondents concede that the Wells were not record owners at the time of trial.

The defect may be cured by deleting the words "are and" from the finding.

No useful purpose would be served by remanding this case to the trial court for such a correction. We shall consider the amendment made and dispose of the case.

Judgment affirmed.

FINLEY, C. J., WEAVER, ROSELLINI, and HALE, JJ., concur.

July 5, 1967. Petition for rehearing denied.