[No 2148. Decided July 6, 1896.]

MARTIN BJMERLAND *et al., Respondents, v.* AMY ELEY *et al., Appellants.*

DEED — DELIVERY — EFFECT OF RECORD BY GRANTOR — INTEREST OF MINOR HEIRS IN COMMUNITY ESTATE — SALE WITHOUT ORDER OF COURT.

A sale by a father of his minor children's portion of a community estate inherited from their deceased mother, when not made under order of the probate court, cannot, in an action against the children by the grantees to quiet title, be treated as having been made for the benefit of the heirs and as subject to confirmation in such action, on the theory of necessity for such sale, even though the grantees had in good faith purchased and improved the property, as the children would not be estopped by any dishonest conduct on the part of their father in making the sale.

The recording of a deed by the grantor is a sufficient delivery to convey title where the conveyance is for the benefit of an infant, as in such case the infant will be presumed to have accepted it.

The presumption that the recording of a deed to an infant by the grantor is evidence of his intention to convey, can be overcome only by the strongest kind of proof that the grantor's intention in making the conveyance was to defraud existing creditors; the fact that, subsequent to the conveyance, the grantor enters into dishonest schemes to defraud others by another sale of the same land not being sufficient to affect the validity of the prior deed to the infant.

Appeal from Superior Court, Kitsap County.— Hon. JOHN C. DENNEY, Judge. Reversed.

*William Martin*, for appellants:

It is a well established rule that, where a deed is

given for the benefit of an infant, delivery to such infant is not not necessary; but even if such delivery should be held to be necessary in such cases, then the delivery of the deed to the auditor of Kitsap county for the purpose of having the same recorded, was a sufficient delivery to appellants. *Mitchell's Lessee v. Ryan*, 3 Ohio St. 377; *Cecil v. Beaver*, 28 Iowa, 241 (4 Am. Rep. 174); *Standiford v. Standiford*, 97 Mo. 231; *Baker v. Haskell*, 47 N. H. 479 (93 Am. Dec. 455); *Glaze v. Three Rivers, etc., Ins. Co.*, 87 Mich. 349; *Walker v. Walker*, 89 Am. Dec. 445; *Davis v. Garrett*, 18 S. W. 113; *Gregory v. Walker*, 38 Ala. 26; *Spencer v. Carr*, 45 N. Y. 406 (6 Am. Rep. 112). When the grantee in a deed is an infant the law presumes assent on his part to a beneficial conveyance, and knowledge thereof and of its delivery are not essential. *Sneathen v. Sneathen*, 24 Am. St. Rep. 326; *Halluck v. Bush*, 1 Am. Dec. 60; *Treadwell v. Bulkley*, 4 Am. Dec. 225; *Merrills v. Swift*, 46 Am. Dec. 315; *Blight v. Schenck*, 51 Am. Dec. 478.

*John F. Dore*, and *Daniel T. Cross*, for respondents.

The opinion of the court was delivered by

DUNBAR, J.—The land in dispute was the community property of Henry Eley and Lucy Eley. After the death of Lucy Eley it was conveyed to the children of Henry Eley, viz., Amy Eley and John Eley, by their father. This deed was executed on the 13th day of January, 1883, with the express consideration of the love and affection the father had for the children, the appellants in this case. The deed was a quitclaim deed and was recorded in the office of the auditor of Kitsap county on the 13th day of January, 1883.

On the 4th day of the subsequent December Henry

Eley conveyed the same land by warranty deed to Henry Nesbitt and James J. Hallan. This deed was duly recorded and Nesbitt and Hallan subsequently conveyed the property by warranty deed to the respondents. The respondents took possession of the land several years ago, and according to the testimony have placed upon it about $5,000 worth of improvements. Shortly after the discovery by the respondents of the fact that the deed had been executed by Henry Eley to the appellants this action was brought to quiet the respondents' title, and to enjoin appellants from asserting any claim whatever to said land, adversely to the respondents' interests. A demurrer was interposed to the complaint to the effect that it did not state facts sufficient to constitute a cause of action, which demurrer was overruled. The appellants answered, and a trial was had which resulted in the court's decreeing to the respondents the relief prayed for. From this judgment an appeal is taken to this court. It is doubtful if the complaint in this action states facts sufficient to constitute a cause of action, the principal allegation being that the appellants, Amy and John Eley, are minors and children of Henry Eley, and that Henry Eley on the 13th day of January, 1883, in said Kitsap county, attempted to convey the property hereinbefore described without consideration to said Amy and said John Eley, for the purpose of defrauding his, said Henry Eley's, creditors, and that there has not been any delivery of the said deed from said Henry Eley to the said Amy and John Eley. But, however this may be, upon the trial of the cause there was no attempt to introduce any testimony showing that Henry Eley had any creditors at the time of the execution of the deed, while the testimony shows conclusively, and in fact it is con-

ceded, that the deed from Henry Eley to his children, the appellants here, was on record at the time of, and prior to, the purchase of the land by Hallan and Nesbitt, and at the time of the execution of the deed to them.

There are two principal contentions here by the respondents. One is that placing a deed on record does not work a delivery of the same, and the other is that under the testimony in this case it should be held that the sale to Hallan and Nesbitt was for the benefit of the heirs of the estate, and that that sale should now in effect be confirmed by this court, although it was not made by order of the probate court. But however desirable it might be to make such a ruling in this particular case, where it unquestionably appears that the grantor, Henry Eley, has acted dishonestly, and, in fact, seems to have no comprehension of fair dealing, yet it will not do to lay down and establish a wrong principle of law to meet and obviate the hardships of a particular case, for Henry Eley is not a party to this case; the action is brought against the minors, and they cannot be estopped by any dishonest conduct or actions on the part of their father. The law at that time gave original jurisdiction of the sale of real estate for the benefit of the heirs to the probate court, and now does to the superior court. The advisability of selling this land was never before the probate court, no showing was made at the time that it was necessary to sell the same either to pay the debts of the estate, or for the maintenance of the minor heirs, and it would be a dangerous precedent to establish to allow the estates of minors to be sold in this way without any order of the court and many years afterwards to have the sale confirmed, when the testimony must of necessity be more meager and when the

opportunity of the court to discover the true state of facts has been lessened.    But in addition to this question of policy, as we before indicated, this court has no original jurisdiction in a case of this kind, and the question of the necessity of the sale of this land for the benefit of the heirs has never been before either the probate or the superior court.    It was not raised by the issues in this case; this was an action simply to quiet title; there was no allegation that the sale had been made for the benefit of the estate; the respondents did not rest their case upon any such theory, but upon the theory alone that the deed to the appellants had been made for the purpose of defrauding the creditors of the grantor.

Not being able, then, to hold that the deed to Hallan and Nesbitt was made for the benefit of the estate, and that the sale should be confirmed by this court on the theory of the existence of the necessity for such sale, and it conclusively appearing that the land in dispute was community property, the appellants have plainly not been divested of their mother's interest in this land.    Their right to the father's interest in our judgment depends entirely upon the legal proposition of whether or not the recording of the quitclaim deed by the father was in law a sufficient delivery of the same, for the testimony satisfies us that no other delivery was ever made.    The testimony of the father in regard to the delivery of the deed to Amy Eley is contradicted by the testimony of Amy Eley herself,—besides, it bears upon its face the impress of falsity.    But we think that, under all the authorities, the recording of the deed by the grantor is a sufficient delivery to convey title; at least, it is *prima facie* evidence of the intention to convey, and especially where the conveyance is for the benefit of

an infant. The undisputed rule seems to be that where the deed conveys a beneficial interest the infant will be presumed to have accepted it, for if such presumption did not attach, the infant, being unable to act, would always be excluded from receiving beneficial interests conveyed. Most of the cases hold that, in the case of the infant, this presumption is conclusive. There are a few cases, however, that hold that when it appears that the conveyance and recording was a scheme on the part of the grantor to defraud, not only existing creditors, but persons with whom he might in the future have business transactions, the deed should be held to be null and void for the reason that it was not the intention of the grantor to convey the land or deliver the deed, but those cases hold that it must take the strongest kind of proof to rebut the presumption of the intent to convey and deliver, where the deed is placed beyond the control of the grantor and where the deed of conveyance is made to an infant. But there is nothing in the testimony in this case to indicate that at the time the conveyance was made to these infants there was any scheme in the mind of the grantor to defraud creditors or any one else. And while it must be confessed that the testimony shows that he afterwards did scheme, and has continued to scheme up to the time of the commencement of this action, to deprive these respondents of the benefit of the improvements which they have been making upon this land, it would seem that this intention to defraud entered into the mind of the grantor Eley after he had conveyed the land to the appellants. There is no testimony on this subject excepting his own, and from that it appears that he was driven to the perpetration of this fraud upon Nesbitt and Hallan by his necessities, which arose

after the execution of the deed to the infants, and if it was his intention to convey the land to the appellants at the time the deed was executed and recorded, their rights irrevocably attached and could not be affected by any subsequent dishonest scheme entered into by their father.

This is an unfortunate case, but while it appears from the amended complaint that the respondents were ignorant of the fact that this land had, by prior deed, been conveyed to these appellants, they are in law guilty of negligence, for the record to which they are referred by the law for information on this subject discloses the existence of the deed to the appellants. The judgment in this cause must be reversed, and inasmuch as there seems to be no controversy over the facts in the case, a re-trial would be of no benefit, and the judgment will therefore be reversed with instructions to the lower court to dismiss the case at the cost of the respondents.

HOYT, C. J., and ANDERS and GORDON, JJ., concur.