[No. 8806.  Department Two.  June 13, 1910.]

THE STATE OF WASHINGTON, *Respondent*, v. W. J. DANA, *Appellant*.[1]

FALSE PRETENSES—EVIDENCE—ADMISSIBILITY.  In a prosecution for obtaining money by false pretenses, in that the defendants D. and H. represented that they owned a lot of the value of $250, and pointed out another more valuable lot as the lot in question, and procured the money upon H.'s deed of the lot to the prosecuting witness, it is admissible for the state to introduce in evidence a deed of the same lot from H. to D. antedating H's deed to the prosecuting witness, for the purpose of showing intent to defraud and that H. had no title at the time of the conveyance to the prosecuting witness.

DEEDS—DATE OF EXECUTION—PRESUMPTION.  A deed is presumptively executed and delivered on the date of its execution and acknowledgment.

CRIMINAL LAW—EVIDENCE OF OTHER CRIMES—ADMISSIBILITY.  Evidence relevant to the issues of a cause is not inadmissible because it tends to show the commission of a crime other than the one charged.

Appeal from a judgment of the superior court for King county, Frater, J., entered October 31, 1908, upon a trial and conviction of the crime of obtaining money under false pretenses.  Affirmed.

*Philip Tworoger*, for appellant.

*George F. Vanderveer* and *John H. Perry*, for respondent.

RUDKIN, C. J.—This was a prosecution for the crime of obtaining money by false pretenses.  The representations or pretenses set forth in the information were three in number: viz., that the defendants were the owners of a certain lot, described as lot 1 of block 84 of McNaught's addition, to Central Seattle; that the lot was of the value of $250, and that a certain lot situated near the intersection of Walker street and 23d avenue in that city was pointed out to the prosecuting witness by the defendant Dana as and for the

[1]Reported in 109 Pac. 191.

lot in question.   The information charged the falsity of the representations or pretenses thus made, in the following language:

"Whereas, in truth and in fact, said W. J. Dana, Eric Hostland and Lena Vosberg, or any of them did not own said lot one (1); that certain lot or piece of property then and there situated on Walker street near Twenty-third avenue in said city of Seattle, which said W. J. Dana then and there pointed out and showed to said Theodore Myers as aforesaid was not then and there that certain lot or piece of property known and described as·lot one (1) in block eighty-four (84) of McNaught's addition to Central Seattle, in said city of Seattle; and the lot or piece of property known and described as said lot one (1) was not then and there of the value of two hundred and fifty dollars in lawful money of the United States—all of which they, said W. J. Dana, Eric Hostland and Lena·Vosberg then and there well knew."

The testimony introduced at the trial tended·to show the following facts:  The defendant Dana solicited a ninety-day loan of $200 from ·the prosecuting witness and agreed to convey the lot above described as. security for the loan, coupled with an agreement on the part of the prosecuting witness that he would reconvey the property to the defendants, upon repayment of the loan, together with a bonus of $50.  The defendant Dana and the prosecuting witness visited the auditor's office and made a cursory examination of the records to determine the state or condition of the title, and then went out and viewed the lot.   Dana pointed out a certain lot to the prosecuting witness on Walker street near 23d avenue, assuring him that it was the lot in question, and the loan was agreed upon.   Thereafter lot 1 of block 84, above described, was conveyed to the prosecuting witness by the defendant Hostland, in whose name it was claimed the title stood for convenience, and the $200 was paid over to the defendant Dana as agreed.   Later, the prosecuting witness discovered that the lot conveyed was situated several blocks from the lot pointed out to him by Dana, and was of

comparatively little value compared with the other lot. This prosecution followed, and a separate trial of the defendant Dana resulted in his conviction, from which this appeal is prosecuted.

Upon the trial of the action, the state offered in evidence the record of a deed from the defendant Hostland to the appellant Dana for the same lot, which antedated by several days the deed to the prosecuting witness. The admission of this record is the only error discussed in the appellant's brief, his contention being that the deed was irrelevant to the issues on trial, and tended to show the commission of another and different crime. The information in the case was drawn very loosely, and with little regard to the actual facts disclosed by the state's testimony. There was an apparent attempt to charge that the defendants below had no title to the lot actually conveyed, but the information was clearly defective and insufficient in this respect. However, it does not follow from this that the testimony complained of was not relevant to the issues. It was incumbent on the state to prove not only the obtaining of the money by false pretenses, but also an intent to defraud, and it seems to us that no more cogent proof of this intent could be offered than a showing that, at the time of the conveyance, the grantor of the prosecuting witness had no title to either the lot conveyed or the lot pointed out, and that this fact was well known to the appellant. The deed from Hostland to the appellant was presumptively executed and delivered on the date of its execution and acknowledgment (Devlin on Deeds (2d ed.), §§ 178, 182, 265), and if so, no title passed by the deed to the prosecuting witness. It may be said that the latter's title would prevail over the earlier deed because of fraud and because his deed was first recorded, but this would not destroy the force or effect of the testimony as a circumstance tending to show fraudulent intent. Of course, if the offered testimony was relevant to the issues in this case, the fact that it tended to show the commission of another and

different crime would not exclude it.   Greenleaf, Evidence, § 53; Wharton, Criminal Evidence, § 31 *et seq.*

We find no error in the record, and the judgment is therefore affirmed.

CROW, PARKER, DUNBAR, and MOUNT, JJ., concur.