[No. 9097. Department One. December 15, 1910.]

AUGUST ANDERSON et al., Appellants, v. J. W. WOOLLEY et al., Respondents.[1]

DEEDS—DELIVERY—EVIDENCE—SUFFICIENCY. The presumption that a deed, properly executed and in the possession of the grantees, was duly delivered can only be overcome by clear and convincing proof; and such proof is not made where it appears that the grantors voluntarily surrendered the granted premises to the grantees, entered upon premises taken in exchange, and consumed personal property received in exchange, and paid an agent's commission long after the alleged fraud in securing possession of the deed from one of the grantors while intoxicated.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DISCRETION. The discretion of the trial court in refusing a new trial for newly discovered evidence, based upon affidavits of discredited witnesses, will not be disturbed on appeal.

[1]Reported in 112 Pac. 271.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered January 24, 1910, in favor of the defendants, after a trial on the merits before the court without a jury, dismissing an action to vacate a deed for fraud. Affirmed.

*Belt & Powell*, for appellants.

*Nuzum & Nuzum*, for respondents.

RUDKIN, C. J.—The plaintiffs in this action were the owners of a town lot in the city of Spokane, and the defendants of a forty-acre tract in Spokane county, adjacent to the city, together with certain personal property situate thereon. Some time prior to the 30th day of April, 1908, the parties agreed upon an exchange of these properties, and entered into a contract to that effect, which does not appear in the record. On the last mentioned date, the plaintiffs executed a deed of the Spokane property in favor of the defendants, and the defendants in turn executed a deed in favor of the plaintiffs for the forty-acre tract, and also a bill of sale for the personal property. The present action was instituted to set aside the deed executed by the plaintiffs, or to procure a reconveyance of the property therein described, on the ground that the deed was fraudulently obtained from the possession of the plaintiff August Anderson while intoxicated, and its delivery was never authorized or assented to by the plaintiff Emelia Anderson. The case was tried before the court without a jury, and from a judgment in favor of the defendants, the plaintiffs have appealed.

It is an admitted fact that a deed properly executed and acknowledged by the appellants passed into the custody and under the control of the grantees therein named, and was filed for record. This fact alone gives rise to a strong presumption that the deed was delivered and became operative, a presumption that can only be overthrown by clear and convincing proof. *Jackson v. Lamar*, 58 Wash. 383, 108 Pac. 946, and cases cited. When this presumption is aided by the further

admitted facts that the appellants voluntarily surrendered possession of the granted premises to their grantees, immediately after the delivery of their deed; entered upon the possession of the premises taken in exchange; consumed and necessarily treated as their own a considerable part of the personal property received in exchange, and paid a commission to the agents who perpetrated the alleged fraud, long after the delivery of the deed, the presumption becomes well-nigh absolute and conclusive. The theory advanced by the appellants is this: they contend that Mrs. Anderson was unwilling to sign or execute the deed, until she had made a further examination of the property to be taken in exchange; that she finally executed the deed with the express understanding that the deed should remain in her possession, undelivered, until such further examination was made; that the husband obtained possession of the deed from the wife, with strict injunctions not to deliver it, and that the respondents or their agents fraudulently obtained possession of the deed from the husband while intoxicated.

The contention of the respondents, on the other hand, is that the deed was executed by both husband and wife for the purpose of making a delivery thereof; that an examination of the abstract disclosed some defect in the respondents' title, which rendered it necessary to obtain a deed of correction from parties residing in the state of Wisconsin; that the appellants left their deed with their attorney until the deed of correction was returned, and that after the receipt of the latter deed, the deed from the appellants was delivered and placed of record. The court below made no findings of fact, but it evidently adopted the respondents' theory of the case, and with that conclusion we are in entire accord. The conduct of the appellants was in many respects utterly inconsistent with their present claims, and in many other respects their testimony was utterly discredited. The court below saw the parties and their witnesses, observed their demeanor, and its conclusion finds ample support in the record.

A motion for a new trial was interposed on the ground of newly discovered evidence. The affidavits in support of the motion were made by parties who had already testified on the trial. The denial of this motion is assigned as error, but the court acted within its discretion. The reasons for the denial of the motion do not appear, but the court might well have proceeded on the theory that it was so little impressed with the testimony already given by these witnesses that any further testimony they might offer would not change the result.

Finding no error in the record, the judgment is affirmed.

PARKER, GOSE, FULLERTON, and MOUNT, JJ., concur.