[No. 15924.  Department Two.  November 29, 1920.]

James Parke, *Appellant,* v. Frank E. Case *et al.,* *Respondents.*[1]

Evidence (143)—Parol—Contradicting Written Instruments—Deeds.  In the absence of fraud or mistake, parol evidence is inadmissible to show that an unambiguous deed of community property from a husband to his wife did not, as it purports on its face, vest the property in the wife as her separate property.

Husband and Wife (18, 64)—Separate Estate of Wife—Community Property—Transfers and Conveyances.  Where the wife's separate property was conveyed to a trustee as security for a debt, the trustee, on payment of the debt, could not, by any form of conveyance to the husband and wife, vest the husband with a community interest in the property.

Appeal from a judgment of the superior court for King county, French, J., entered October 15, 1919, dismissing an action to establish certain property as community property, upon a challenge to the legal sufficiency of the evidence, after a trial to the court.  Affirmed.

*John Arthur,* for appellant.

*A. A. Booth,* for respondents.

Mitchell, J.—James Parke, plaintiff and appellant, and Fannie M. Parke, one of the defendants and respondents, are, and since the year 1872 have been, husband and wife, and in the year 1890 acquired the real property involved in this action.  The property consists of lots 7 and 8, in block 44, of David S. Maynard's plat of the city of Seattle.  On November 21, 1894, by a warranty deed, duly executed, acknowledged and delivered, he conveyed all his community interest, right and property in the real estate in question to his wife.  The deed was duly recorded in the county auditor's

[1]Reported in 193 Pac. 688.    ·    °

office on the same day. Thereafter and prior to the
year 1911, the property was mortgaged on several dif-
ferent occasions. Mr. and Mrs. Parke signed each of
the mortgages. One of the mortgages, in the form of a
deed, dated October 16, 1900, was made to Thomas H.
Hackett. It was confessedly known and understood
by all the parties to be a mortgage, given as security
for an indebtedness due to him. Another of the mort-
gages was given to the American Savings Bank & Trust
Company of Seattle; and a part of the money realized
thereon was used to pay the indebtedness due to
Thomas H. Hackett, who, with his wife, with the con-
sent and knowledge of all the parties interested, trans-
ferred the property to James P. Gleason of Seattle as
trustee. James P. Gleason was vice-president and
active executive officer of the American Savings Bank
& Trust Company of that city. Thereafter, upon the
payment of the indebtedness due the bank, in addition
to its executing and delivering a satisfaction of the
mortgage, James P. Gleason and his wife made and
executed, and on January 7, 1918, delivered a convey-
ance of the real property to Fannie M. Parke and
James Parke, wife and husband. In the conveyance
it is stated:

"That this conveyance is made from the said
grantors by reason of a deed to said property made
to James P. Gleason of Seattle, trustee, from Thomas H.
Hackett and Arvilla Hackett, his wife, that the pur-
pose of the trust was to secure an indebtedness of the
grantees herein, to the American Savings Bank &
Trust Company, and that the trust created is by this
conveyance fully discharged."

It is by reason of this last conveyance the appellant
claims that the community, consisting of himself and
his wife, became revested with the legal title to the
property. Alleging in the complaint that his wife

denies that he or the community has any interest in the property, that she claims it and controls it as her separate estate, and refuses to allow him to in any way participate in the management of it, he has ·brought this action for a judgment to declare and establish it to be community property. The trial resulted in a judgment against him from which he has appealed.

There is no claim or allegation of mistake or fraud concerning the conveyance by the appellant to his wife on November 21, 1894. By § 8766, Rem. Code, that conveyance operated to vest the property in Mrs. Parke as her separate property. In support of certain allegations in the complaint, the appellant attempted to show that the deed was not intended for what upon its face it purports to be, nor to deprive him or the community of an interest in the property. The court refused to allow such testimony, and we think properly so. The instrument was plain, positive and unambiguous. Evidently the testimony offered was for the purpose of contradicting the written instrument, and to defeat its operative effect. It was therefore inadmissible. *Wright v. Stewart*, 19 Wash. 179, 52 Pac. 1020; *Morris v. Healy Lumber Co.*, 46 Wash. 686, 91 Pac. 186.

The contention that the appellant or the community acquired any title to the property by virtue of the deed from James P. Gleason and his wife on January 27, 1918, is also without merit. Whatever form the instrument may have taken by which Thomas H. Hackett and wife appeared to take title, and by them transferred to James P. Gleason as trustee, it was known to and intended by all the parties interested that the instruments were only a mortgage, and a transfer of the mortgagee's rights. They were never

intended, nor did they have the effect of transferring, any beneficial interest in the property or title thereto, but were given and taken only as security for the payment of money, as is clearly shown by all the testimony including the recitals in the conveyance delivered January 7, 1918, from James P. Gleason and wife to Mrs. Parke and her husband. Having no beneficial interest in or title to the property, James P. Gleason and wife could of course convey none.

In addition to the reasons already given for the conclusions reached, there is other strong and convincing evidence, confirmatory of the purpose, intent, and effect of the deed in 1894 from the appellant to his wife, and also that he knew the conveyance to Hackett, and the one from Hackett and wife to Gleason as trustee, conveyed no interest whatever in the property, but constituted only a mortgage and the passing of the mortgagee's rights. That evidence consists of an instrument in writing, constituting a declaration of title of the property in favor of Mrs. Parke, duly signed, acknowledged, and delivered by the appellant to his wife, dated June 3, 1911, and recorded on June 17, 1911, years after the mortgage, in the form of the conveyance to Hackett, and by Hackett and wife transferred to James P. Gleason as trustee. That instrument from James Parke to Fannie M. Parke, his wife, is as follows:

"This grantor having heretofore on November 21, 1894, executed and delivered to his wife Fannie M. Parke a certain deed which is recorded in Volume 189 of Deeds, page 87, by which he vested the title to the above described property in his said wife as her sole and separate property, and conveyed to her all his community interest therein, and the said property has ever since that time been and is now the sole and separate property of his wife. This instrument is made and delivered for the purpose of further con-

firming said conveyance and to vest absolutely in the said Fannie M. Parke any and all community interest, claim, right or title that this grantor may ever have had or may have alleged to have in and to said premises or any part thereof and to convey and vest in the said Fannie M. Parke the said property and the whole thereof as her sole and separate property, freed and cleared of and from all community, claim, right, title and interest of this grantor her said husband.''

This disposition of the case as between Mr. and Mrs. Parke makes it unnecessary to consider the rights of the other respondents, who are either agents or tenants of Mrs. Parke.

Judgment affirmed.

HOLCOMB, C. J., MOUNT, MAIN, and TOLMAN, JJ., concur.