[No. 22485. Department Two. June 30, 1930.]

*In the Matter of the Estate of* NANCY J. BRICKEY, *Deceased.*

ROBERT G. BRICKEY, *Appellant*, v. MARGERY LIVINGSTONE *et al., Respondents.*[1]

[1]Reported in 289 Pac. 1015.

*Earl V. Clifford,* for appellant.
*Neal & Bonneville,* for respondents.

HOLCOMB, J.—This appeal is from findings, conclusions and a judgment denying appellant herein an award in lieu of homestead to him as surviving spouse of Nancy J. Brickey, deceased.

Nancy J. Brickey died testate, December 13, 1928. In her will, which was thereafter admitted to probate, she nominated her husband executor thereof. He declined to act as executor, owing to illness, and petitioned that the court appoint an administrator with the will annexed, asking that his brother L. D. Brickey be appointed. The petition was granted and L. D. Brickey appointed.

One of the paragraphs of the will of decedent provided:

"(3) I give, devise and bequeath to my husband Robert G. Brickey a life estate only in our home, consisting of land and the improvements thereon, situated in block three of Sourwines' addition to Puyallup, Pierce county, Washington, with the remainder divided share and share alike among Margria Livingston, Claud W. Foster, Margarett Swetz and Vernen Crider."

The remaindermen named in that paragraph consisted of a foster son and collateral relatives. The home described in that paragraph is of the value of approximately $4,000, and is subject to a mortgage in the principal sum of $500, with delinquent interest and delinquent taxes for 1928 and 1929. It is divisible if the net value should exceed $3,000. There is sufficient estate to pay the expenses of last illness and funeral

expenses and of the administration, with a little more remaining. Anything that does remain, aside from the above described home, passes to appellant.

In an independent proceeding, the Puget Sound National Bank of Tacoma was appointed general guardian of appellant, as an incompetent person, at his request and on account of the same infirmity which prevented him from acting as executor. Through his guardian, he petitioned for an award in lieu of homestead out of the home property above described, making the usual formal allegations. Two minor devisees of the remainder of the real estate appeared by their guardian *ad litem,* answered denying generally the allegations of the petition, requiring strict proof and praying denial of the petition. The remaining devisees answered by similar general denials, and affirmatively alleged that the property was the separate property of decedent. This allegation made relevant the latter part of Rem. Comp. Stat., § 1474, reading:

". . . Provided, that the awards in this and the next preceding section provided for, shall not be taken from separate property of the deceased, which is otherwise disposed of by will, where there is no minor child living as the issue of the surviving spouse and the deceased."

There is no such minor child. It will be noticed that respondents first denied that appellant was the surviving spouse of the decedent, and, secondly, that the home place was community property. The trial court found and decided upon two grounds that appellant was not entitled to take the real estate as his homestead, the first of which grounds we shall not notice.

The real estate was acquired by deed from the immediate predecessors in title of decedent, Ib. W. Thomson and Mary K. Thomson, husband and wife, to Nancy J. Brickey, "a married woman," on October 15,

1908. There is some slight testimony, though not of itself sufficient to overcome the presumption of community and establish the separate character of this real estate on behalf of respondents, that it was wholly acquired by decedent by her own separate funds.

The separate character of the title is, however, further evidenced by a warranty deed, which was received in evidence over the objection of appellant, dated November 20, 1928, executed by appellant before Frank D. Davis, notary public, and recorded in the office of the county auditor of Pierce county on November 22, 1928. While the deed does not say at whose request it was recorded, it bore the notation on the back thereof, "Return to Frank D. Davis, Puyallup, Washington." The deed recites that the grantor,

"Robert G. Brickey, husband of grantee, for and in consideration of one dollar and love and affection, in hand paid, conveys and warrants to Nancy J. Brickey, wife of grantor, the following described real estate, situated in the county of Pierce, state of Washington:" (describing the real estate involved herein.)

This deed was properly received in evidence.

Rem. Comp. Stat., § 10572, reads in part:

"A husband may give, grant, sell, or convey directly to his wife, and a wife may give, grant, sell, or convey directly to her husband his or her community right, title, interest, or estate in all or any portion of their community real property. And every deed made from husband to wife, or from wife to husband, shall operate to divest the real estate therein recited from any or every claim or demand as community property, and shall vest the same in the grantee as separate property."

Although Mr. Davis is now the general attorney for the estate, we think the presumption must be that he was, at the time of the execution and acknowledgment of the deed and procuring its record-

ing, the agent of decedent. If not, he would have been competent to so testify. *Bender v. Ragan,* 53 Wash. 521, 102 Pac. 427. It was not so testified. Had appellant intended that the deed should not be delivered but withheld from delivery, some other disposition would manifestly have been made of it than to have it recorded. If it were recorded at the instance of appellant, who was the grantor, that would constitute presumptive delivery to the grantee. *Bjmerland v. Eley,* 15 Wash. 101, 45 Pac. 730.

See, also, for similar analogous cases: *Prignon v. Daussat,* 4 Wash. 199, 29 Pac. 1046, 31 Am. St. 914; *Richmond v. Morford,* 4 Wash. 337, 30 Pac. 241, 31 Pac. 513; *State v. Dana,* 59 Wash. 30, 109 Pac. 191; *Anderson v. Woolley,* 61 Wash. 236, 112 Pac. 271; and *State ex rel. Dunbar v. Shokuta,* 131 Wash. 291, 230 Pac. 166.

We therefore conclude that, upon this ground alone, the conclusions and judgment of the trial court are right.

Affirmed.

MITCHELL, C. J., MAIN, FULLERTON, and FRENCH, JJ., concur.