[No. 31967. Department One. October 2, 1952.]

RALPH C. JOHNSON, *Respondent,* v. CHARLES WHEELER, *as Trustee, Appellant,* ETHEL JOHNSON, *Respondent.*[1]

*W. H. Ferguson* and *David O. Hamlin,* for appellant.

*Everett O. Butts,* for respondent.

MALLERY, J.—The respondent, Ethel Johnson, filed her voluntary petition in bankruptcy on June 28, 1950, and was adjudicated a bankrupt the next day.

[1]Reported in 248 P. (2d) 558.

On September 26, 1950, the appellant, Charles Wheeler, was appointed as her trustee in bankruptcy.

The next day, a document was filed with the auditor of King county bearing date of January 28, 1950, in which Ethel Johnson quitclaimed the property here in question to her husband, Ralph C. Johnson. This conveyance was a nullity under the provisions of the bankruptcy act, 11 U. S. C., § 107 (d) (2), because it was made "within one year prior to the filing of a petition in bankruptcy." This instrument need not be noticed again herein.

The trustee, Wheeler, demanded possession of the property here in question on October 6, 1950.

This action was brought by Ralph C. Johnson against his wife, Ethel Johnson, individually, and Charles Wheeler, as trustee in bankruptcy, to quiet title in the real estate here in question, and to secure an adjudication that it was community property. Such an adjudication would prevent the trustee in bankruptcy from having recourse to it as the separate property of the bankrupt, Ethel Johnson, for the benefit of her creditors.

Ralph C. and Ethel Johnson have been husband and wife since June 14, 1915. Both have taught school continuously through the years. They have no children. They have maintained separate bank accounts, and treated their earnings as separate property.

■  The real estate in question was acquired by the community prior to September 16, 1929, on which date Ralph C. Johnson executed a deed to the property here in question to his wife, Ethel Johnson, and caused the same to be recorded with the auditor of King county. There is conflicting testimony as to his motive in doing this, but we think it is immaterial, because, in any event, such a conveyance from husband to wife makes it the separate property of the wife under the purview of RCW 26.16.050 [cf. Rem. Rev. Stat., § 10572].

■  The recording of the instrument by the grantor constituted a presumptive delivery to the grantee. *Bjmerland v. Eley,* 15 Wash. 101, 45 Pac. 730; *In re Brickey's Estate,*

157 Wash. 532, 289 Pac. 1015; *In re Cunningham's Estate,* 19 Wn. (2d) 589, 143 P. (2d) 852.

■ In the face of this record title in the wife, Ethel Johnson, as her separate property, it is the contention of the Johnsons that, when the deed was brought to her attention upon its return from the auditor's office after recording, she refused to accept the property.

The trial court found that there was no acceptance of the property. It is the law that:

"Express assent on the part of the grantee is not necessary. His assent and ratification of the acceptance of the deed may be inferred from his conduct after he has obtained knowledge of the existence of the deed. Failure to renounce the deed after knowledge of its existence is sufficient to show that the grantee accepted the deed. Equally with the grantor, *the grantee may be estopped by his subsequent conduct from asserting that the delivery was imperfect* through his want of acceptance of the deed." (Italics ours.) 16 Am. Jur. 526, § 159.

In this case, the subsequent conduct of Ethel Johnson belies her testimony that she refused to accept the deed, since she subsequently gave a mortgage, in her individual capacity, upon the property in question. Accordingly, we must overturn the trial court's finding of fact that there was no acceptance of the property.

■ The Johnsons claim that, after she refused the property, they then went to the office of their attorney, Charles Allen, now deceased, where a deed reconveying the property to the husband was drawn. It was taken home and put away, and cannot now be found. The evidence is not clear, cogent, and convincing, as it must be, *Smyser v. Smyser,* 19 Wn. (2d) 42, 140 P. (2d) 959, that such a deed was acknowledged or delivered to Mr. Johnson, nor is its language established with certainty or at all. Accordingly, we overturn the trial court's finding of fact that such a lost instrument ever existed.

■ It was further the contention of Mr. Johnson that his recorded deed to his wife, of the property here in question, was not intended by him to take effect until after his

death, and the trial court so found the fact to be. We overturn this finding of fact also. Secret intentions cannot contradict an unambiguous recorded instrument, and evidence to that effect is not admissible. *Parke v. Case,* 113 Wash. 263, 193 Pac. 688.

Since we cannot agree with the findings of fact by the trial court, it is necessary to hold that the property in question is what the recorded instrument shows it to be, namely, the separate property of Ethel Johnson.

The judgment is reversed.

SCHWELLENBACH, C. J., GRADY, DONWORTH, and WEAVER, JJ., concur.