No. 21988.

INEZ GOOCH *v*. VELMA RODEWALD.
(432 P.2d 755)

Decided October 23, 1967.

DILTS and HANCOCK, for plaintiff in error.

IRVIN L. MASON, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MOORE.

VELMA RODEWALD filed her complaint in the trial court against Inez Gooch in which she alleged that on August 5, 1959, Inez had executed a promissory note payable to her for the sum of three thousand dollars, and that all payments of principal, interest, and attorneys' fees as provided therein were past due and unpaid.

Defendant by her answer generally denied the allegations of the complaint and alleged affirmatively that if such a note existed her signature thereon was not genuine; and that if such a note existed it was procured without consideration therefor and if executed it was a mistake on her part.

The case was presented to the court in the usual manner, except that an unsigned copy of the promissory note was submitted in evidence in place of the original note because the latter had been lost. The plaintiff tendered what she and others stated was a carbon copy of the promissory note and the court admitted it into evidence without objection. Plaintiff testified that this note was given to her by defendant as a part of the consideration for the sale of a restaurant business owned by the plaintiff in Cortez, Colorado. She further testified that Exhibit 1 was a true copy of the original lost note; that it was signed by the defendant and that it was then delivered by defendant to plaintiff. Plaintiff further testified that the promissory note was due and unpaid. The trial court resolved all disputed questions of fact in favor of the plaintiff and entered judgment as prayed for in her complaint.

As grounds for reversal of the judgment it is argued that the trial court applied the "wrong standard as to the degree of proof" required of plaintiff with relation to the lost exhibit. The argument is that more than a preponderance of evidence was required of the plain-

tiff, and that the execution, delivery, and contents of the lost note must be established by clear and convincing evidence. It is further contended that the trial court must have applied the preponderance of evidence rule, because of a comment of the trial judge to the effect that in a civil action the burden of proof is "by a preponderance of the evidence."

The evidence disclosed by the record is very heavily weighted on the side of the plaintiff insofar as the execution, delivery, and contents of the original promissory note are concerned. In the motion for a new trial counsel for defendant raised the point that the trial court had erroneously applied the "preponderance of the evidence rule" to the testimony concerning the lost instrument. By denying the motion containing this assignment of error the trial court clearly indicated that the proper rule which requires "clear and convincing" evidence received proper recognition in arriving at the judgment.

■■ It is true as stated in 54 C.J.S. 834 that the general rule is:

"* * * that in actions to recover on lost instruments the evidence of the former existence, execution, delivery, loss, and contents of the instrument should be clear and convincing, * * *."

*Walker v. Drogmund*, 101 Colo. 521, 74 P.2d 1235. In the instant action there was an abundance of evidence which appears to be "clear and convincing" on all matters pertinent to the higher degree of proof.

We cannot say from the record before us that the trial court did not apply the standard of a higher degree of proof to those issues to which such standard was applicable. Examination of the record concerning two other points relied on for reversal leads to the conclusion that neither of them has merit. The issues were fairly resolved on disputed evidence.

The judgment of the trial court accordingly is affirmed.

MR. JUSTICE MCWILLIAMS, MR. JUSTICE PRINGLE and MR. JUSTICE HODGES concur.