[No. 40159.     Department One.     October 16, 1969.]

RINER E. DEGLOW, *Appellant,* v. RALPH A. SMITH *et al.,*
*Respondents.**

*Riner E. Deglow* and *Erickson & Worthington,* by
*Harvey Erickson,* for appellant.

*Velikanje, Moore & Countryman,* by *George F. Velikanje*
and *Clausen & Gemmill,* by *Kenneth E. Gemmill,* for re-
spondents.

PER CURIAM.—Plaintiff, receiver of Smith Brothers Flo-
rists, Inc., brings this action to quiet title to certain real
property alleged to be owned by the corporation. The de-
fendants are Ralph A. Smith and wife, apparent owners of
one half the corporate stock, and certain parties having
judgments, liens and claims against Mr. and Mrs. Ralph A.
Smith.

Plaintiff alleged that shortly after Smith Brothers Flo-
rists was incorporated, in 1954, Ralph A. Smith and wife,
and Edgar V. Smith and wife conveyed the real property
to the corporation; but that "at no time since have the
deeds been located or recorded."

It is apparent from the judge's memorandum opinion
that he accepted as true all of plaintiff's evidence and de-
termined as a matter of law that plaintiff had failed to
establish a prima facie case. Findings of fact were not en-

*Reported in 459 P.2d 786.

tered. *Richards v. Kuppinger,* 46 Wn.2d 62, 278 P.2d 395 (1955).

Plaintiff appeals from an order dismissing his action entered after the court had sustained a challenge at the close of plaintiff's testimony.

Plaintiff presented his case upon two theories: (1) conveyance of title to the corporation by a deed or deeds which were lost before recording and are still lost; and (2) acquisition of title by adverse possession.

■ To prove a lost instrument the one proposing to establish it must show its execution, its delivery and its contents. In *Scurry v. Seattle,* 56 Wash. 1, 104 P. 1129 (1909), the court held that these elements must be proved by evidence that is

clear and positive, and of such a character as to leave no reasonable doubt as to terms and conditions of the instrument.

In *Johnson v. Wheeler,* 41 Wn.2d 246, 248 P.2d 558 (1952), the court required that the evidence be clear, cogent and convincing.

A review of the record discloses that plaintiff's evidence does not meet this test. For example, in 1961, the Smith brothers, individually, and as officers of the corporation mortgaged the land in question to the Federal Land Bank of Spokane. The mortgage recites that:

Smith Bros. Florists, Inc. . . . does not thereby assert any ownership of or interest in the land hereby mortgaged.

Further, there is no proof that the corporation held the property adverse to defendant Ralph A. Smith or to any other persons.

The judgment is affirmed.