699 P.2d 1314

**Peggy Anne HARDINE, Plaintiff/Appellant,**

v.

**PIONEER NATIONAL TITLE INSURANCE, Defendant/Appellee.**

**No. 2 CA–CIV 5178.**

Court of Appeals of Arizona, Division 2, Department A.

March 14, 1985.

Brick P. Storts, III, Tucson, for plaintiff/appellant.

Jones, Dickerman, Nuckolls, Edwards & Smith, P.C. by William W. Edwards, Tucson, for defendant/appellee.

## OPINION

FERNANDEZ, Judge.

Appellant, Peggy A. Hardine, filed suit for negligence and breach of contract contending she lost her rights as a joint tenant to a parcel of property because of appellee's loss of and failure to record an executed joint tenancy deed. Judgment was entered in favor of appellee on the basis that appellant had failed to prove any damages and this appeal followed.

In March 1982 Peggy Hardine requested an escrow officer of appellee, now known as TICOR Title Insurance Company, to prepare the appropriate deeds for her then-husband John Hardine to transfer a parcel of his separate property to a straw party who would then convey it to Peggy and John in joint tenancy. The deeds were executed and acknowledged at a branch office of TICOR and then sent to the main office for processing for recordation. TICOR had drawn up the deeds as a courtesy and received no fee for their preparation. The joint tenancy deed was somehow lost, and neither deed was recorded. A copy of the executed joint tenancy deed was admitted into evidence at the trial of this case.

Shortly after the deed execution the couple separated, and a dissolution was granted in November 1982. In the decree, the couple agreed that the property was John Hardine's separate property. This action was filed a short time before the dissolution decree was entered.

The issue presented in this case is whether the negligence of TICOR in misplacing the joint tenancy deed prior to its recordation resulted in the loss of appellant's interest in the property. Appellant contends she was unable to pursue her claim to an interest in the property in the dissolution action because, without the deed, she had no evidence available to her with which to prove the claim. An examination of the facts, however, does not support that contention.

A valid transfer of real property in this state is required to be by an instrument in writing, signed, acknowledged, and delivered. A.R.S. § 33–401. In order to create a valid joint tenancy, the four unities must be present, the unity of time, unity of title, unity of interest and unity of possession. *Kleemann v. Sheridan*, 75 Ariz. 311, 256 P.2d 553 (1953). The parties stipulated that the joint tenancy deed was properly executed and acknowledged and that the deed was then left with appellee for recording. That transaction satisfied the requirements of A.R.S. § 33–401 and of the four unities, and, once the execution was complete, the property was transferred. At that point appellant owned an undivided one-half interest in the property.

Appellant agrees that was the case here, but contends that because *Safley v. Bates*, 26 Ariz.App. 318, 548 P.2d 31 (1976), re-

quires clear and convincing evidence of a couple's intent to change the status in which property is held in order for separate property to be transmuted to joint tenancy property, the loss of the deed before it was recorded had the effect of cancelling the transaction and reverting ownership to John Hardine as his separate property.

Appellant's contention is incorrect. The two deed executions satisfied the requirements of *Safley v. Bates,* supra, and established the change of status of the parcel from John Hardine's separate property to the couple's joint tenancy property. The subsequent loss of the joint tenancy deed did not have the effect of cancelling the deed. The rule is that a lost deed does not divest a grantee of his title, *Kleemann v. Sheridan,* supra; *State, by Pai v. Thom,* 58 Hawaii 8, 563 P.2d 982 (1977).

In order to prove the existence of a lost deed, its proponent must present clear and convincing evidence of its execution, delivery and contents. *Gooch v. Rodewald,* 164 Colo. 88, 432 P.2d 755 (1967); *Deglow v. Smith,* 77 Wash.2d 128, 459 P.2d 786 (1969). Appellant insists that the only evidence available to her to prove her claim were her own self-serving statements. As appellee has pointed out, however, appellant had additional evidence available to her. The original of the straw deed has never been lost. The testimony of two eyewitnesses to the execution, that of the straw party who was also appellant's secretary and that of appellee's escrow officer who also notarized the signatures, was also available.

Appellant conceded at trial that she had made no effort to claim an interest in the property in the dissolution proceeding. She instead agreed to a property settlement which stated the parcel was John Hardine's separate property and chose instead to pursue a claim against appellee.

Appellant contends the trial court improperly found she had voluntarily entered into the property settlement agreement which stated the parcel was John's separate property. That issue, however, was never raised at trial, and no evidence exists to support the contention.

The trial court found appellee was negligent in failing to have the deed recorded after it was executed. The recording statutes are for the purpose of creating notice to protect against claims of subsequent purchasers without notice. *Chantler v. Wood,* 6 Ariz.App. 134, 430 P.2d 713, opinion supplemented on other grounds, 6 Ariz.App. 325, 432 P.2d 469 (1967). Any actionable loss resulting from the failure to record then would be the loss of appellant's interest to a subsequent purchaser without notice, not the loss complained of here. If appellant suffered a loss of her joint tenancy interest in the dissolution proceeding, it was because she failed to assert her claim to the property in that action.

We hold appellant suffered no loss from appellee's negligence in failing to record the deed. Since damages are an essential element of a cause of action in negligence, *Vivian Arnold Realty Co. v. McCormick,* 19 Ariz.App. 289, 506 P.2d 1074 (1973), the trial court properly found that appellant did not establish her negligence claim.

Judgment affirmed.

BIRDSALL, P.J., and HOWARD, J., concur.